

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00775-CR

Silas **WIRTH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9447
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
    Luz Elena D. Chapa, Justice
    Irene Rios, Justice

Delivered and Filed:  September 26, 2018

AFFIRMED

Silas Wirth appeals his conviction for aggravated sexual assault of a child. In one issue, Wirth argues the trial court committed reversible error by denying his motion for new trial based upon ineffective assistance of counsel. We affirm.

### BACKGROUND

Wirth was charged with continuous sexual abuse of a child (Count I); aggravated sexual assault of a child (Count II); and sexual contact with a child (Count III). He entered into a plea bargain in which the State agreed to drop Counts I and III and proceed only on Count II, the

aggravated sexual assault of a child charge. The plea bargain included an agreement that punishment would be assessed at twenty-five years in prison and there would be no application for community supervision or deferred adjudication. Wirth signed a "Waiver, Consent to Stipulation of Testimony and Stipulations" and a "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions." Wirth entered a plea of "no contest" and the trial court signed a judgment assessing a twenty-five-year prison sentence.

Thereafter, Wirth's newly-appointed appellate attorney filed a motion for new trial. The trial court then held a hearing on the motion, denied the motion, and granted Wirth permission to appeal. In his appeal, Wirth contends the trial court erred in denying his motion for new trial based upon ineffective assistance of counsel at his plea hearing.

## INEFFECTIVE ASSISTANCE OF COUNSEL

We measure a claim of ineffective assistance of counsel against the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (applying *Strickland* test). A person claiming that counsel was ineffective must prove, by a preponderance of the evidence, that (1) counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012). Further, we indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that the challenged action might be considered sound trial strategy. *Id.* "The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel." *Id*. "The *Strickland* test is judged by the 'totality of the representation,' not by counsel's isolated acts or omissions, and the test is applied from the viewpoint of an attorney

at the time he acted, not through 20/20 hindsight." *Id.* Thus, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The accused is entitled to effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Further, the *Strickland* test applies where there is a challenge to a guilty plea based on ineffective assistance of counsel. *Id.* at 162-63. In other words, the defendant must show counsel's representation fell below an objective standard of reasonableness. *Id.* at 163. And, the defendant must show the outcome of the plea process would have been different with competent advice. *Id.* In making such an evaluation, the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014). We determine whether the trial court's decision was arbitrary or unreasonable and do not substitute our judgment for that of the trial court. *Id.* At the motion for new trial hearing, the judge determines the credibility of the witnesses and has the discretion to disbelieve even uncontradicted testimony. *Id.*

## DISCUSSION

At the hearing in which Wirth pled "no contest," the State announced it was proceeding only on the aggravated sexual assault of a child charge, and the following exchange occurred:

| THE COURT: | You could have a jury trial, but I understand you've agreed to waive that and proceed before me; correct? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Yes? |
| THE DEFENDANT: | Yes, sir. |

THE COURT: You know the offense that is remaining is a first degree felony, a minimum 5 years in the Texas Department of Corrections to a maximum 99 years or life confinement. You're aware of that?

THE DEFENDANT: Yes.

THE COURT: And there's an optional $10,000 fine.

THE DEFENDANT: Yes.

THE COURT: Do we have a plea agreement?

THE PROSECUTOR: Yes, Judge, it's punishment to be assessed at 25 years, there's not an application for community supervision or deferred adjudication, Chapter 62 compliance, and no contact with [the victim].

THE COURT: You understand the plea agreement?

THE DEFENDANT: Yes.

THE COURT: You know I'm not bound by it; if I follow it, there is no appeal?

THE DEFENDANT: Yes.

THE COURT: You know because of the nature of that offense you have to serve 50 percent or one-half calendar time day-for-day, exclusive of any good time credit, before becoming eligible for parole?

THE DEFENDANT: Yes, sir.

THE COURT: And you're aware of your duties and responsibilities under Chapter 62, sex offender registration; correct?

THE DEFENDANT: Yes.

THE COURT: Do you believe he's competent?

DEFENSE COUNSEL: I believe he is, Your Honor.

THE COURT: To the offense how would you like to plead, guilty, not guilty, no contest?

THE DEFENDANT: No contest.

| THE COURT: | On the no contest plea, you know I can find you guilty if the evidence is sufficient? |
|---|---|
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | No one has forced you in any manner? |
| THE DEFENDANT: | No, sir. |

The trial court then announced it would accept the plea agreement and assessed punishment at twenty-five-years in prison.

Subsequently, at the motion for new trial hearing, Wirth's trial counsel testified about his representation of Wirth before and during the plea hearing. Prior to the plea hearing, trial counsel met with Wirth three times at the Bexar County jail. Wirth told trial counsel he did not want to go to trial, and he wanted to enter into a plea bargain because he did not want his daughter to have to testify. Trial counsel had reviewed the initial police report and outcry statements prior to the plea hearing, but he did not review the district attorney's file until the day of the plea hearing. On the day of the plea hearing, the State first offered forty years, but then reduced it to twenty-five years if the offer was accepted that day. Trial counsel testified he informed Wirth of the offers and told him his options were to go to trial or accept the plea bargain. Trial counsel also testified he reviewed the contents of the offense reports with Wirth and went over the plea papers with Wirth, and Wirth had a chance to review the plea papers before signing them. Further, trial counsel further stated he went through the questions the judge would ask Wirth when he entered his plea. Trial counsel testified he proceeded the way he did in representing Wirth because that's what Wirth wanted him to do. According to trial counsel, Wirth never at any point indicated he wanted a jury trial.

Wirth also testified at the motion for new trial hearing. According to Wirth, the first plea offer was sixty years to life, the second offer was forty years, and the third offer was twenty-five

years. Wirth testified he told trial counsel he was willing to go to trial. Although Wirth would rather his daughter not have to testify, he was willing to have a jury trial if necessary. According to Wirth, the first time he saw the offense reports and outcry statements was when he saw the plea bargain paperwork, and trial counsel told him he had to sign the plea papers before reviewing the offense reports and statements. Wirth testified he signed the plea papers without reading them because trial counsel had told him to do so. Wirth stated he did not know he could read them first. Further, Wirth testified trial counsel did not explain the plea papers to him. However, Wirth said he did read the reports and statements prior to going before the judge. Wirth further testified he told trial counsel, "It was all a lie," but trial counsel said it did not matter because he had already signed the plea papers. Wirth said he would not have signed the plea papers if he had read the offense reports and statements first. According to Wirth, he answered all the judge's questions as trial counsel had told him to do. Wirth also stated his trial counsel lied when he testified that Wirth had never said he wanted to go to trial.

On appeal, Wirth argues that trial counsel rendered ineffective assistance while representing him at the plea hearing. Wirth's specific complaints of deficient performance under *Strickland*'s first prong are focused on Wirth's testimony that he had told trial counsel he wanted to go to trial, that trial counsel had never explained any of the paperwork to him, and that trial counsel had advised Wirth to sign the plea papers without reading anything. As to *Strickland*'s second prong, that Wirth was prejudiced by counsel's deficient performance, Wirth points to his own testimony that if he had read the paperwork before agreeing to the plea bargain, he would not have agreed to sign the plea agreement. And, had he not agreed, Wirth argues there would have been a trial or dismissal.

At the motion for new trial hearing, trial counsel's testimony directly conflicted with Wirth's in all pertinent respects. Trial counsel testified Wirth consistently told him he did not want

to go to trial, but rather wanted to enter into a plea bargain to spare his daughter from having to testify. Wirth, on the other hand, testified that he had told trial counsel he wanted to go to trial. Although trial counsel testified he had reviewed what was in the offense reports with Wirth, went over the plea papers with Wirth, and gave Wirth a chance to review the plea papers before signing, Wirth testified that trial counsel did not explain anything to him and required his signature on the plea papers before he had an opportunity to read anything.

The trial court, however, was the sole judge of the credibility and weight to be given to the testimony. *See Colyer*, 428 S.W.3d at 122. The trial court apparently credited trial counsel's testimony and disbelieved Wirth's testimony. As the reviewing court, we cannot substitute our judgment for that of the trial court. *See id.* And, because Wirth has not shown trial counsel's representation was deficient, we need not address the prejudice prong of *Strickland*. *See Thompson*, 9 S.W.3d at 812 (stating that assuming appellant demonstrates deficient assistance, it is then necessary to prove prejudice). We affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish